# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| DARRELL L. ANDERSON, | |
| Petitioner, | No. C06-2056-LRR |
| vs. | |
| JOHN AULT, | INITIAL REVIEW ORDER |
| Respondent. | |

This matter is before the court on the petitioner's application for a writ of habeas corpus. The petitioner submitted such application on May 30, 2006. As directed by the court, the petitioner paid the statutory filing fee on August 22, 2006. *See* 28 U.S.C. § 1914(a) (requiring $5.00). Also before the court is the petitioner's application for appointment of counsel. The petitioner submitted such application on May 30, 2006.

Currently confined at the Iowa State Penitentiary in Fort Madison, Iowa, the petitioner brings this action under 28 U.S.C. § 2254 to challenge the legality of his conviction and resulting confinement. In the Iowa District Court in and for Black Hawk County, the petitioner was convicted of two counts of second degree robbery, in violation of Iowa Code section 711.3, second degree theft, in violation of Iowa Code section 714.2, six counts of forgery, in violation of Iowa Code section 715A.2, and domestic abuse assault, in violation of Iowa Code section 708.2A. *See State v. Anderson*, No. FECR111738 (Black Hawk County Dist. Ct. 2003); *State v. Anderson*, No. FECR113592 (Black Hawk County Dist. Ct. 2003); *State v. Anderson*, No. FECR113670 (Black Hawk County Dist. Ct. 2003); *State v. Anderson*, No. SMCR110938 (Black Hawk County Dist.

Ct. 2003); *see also Anderson v. State*, 2005 Iowa App. LEXIS 1537 (Iowa Ct. App. 2005) *Anderson v. State*, No. PCCV093735 (Black Hawk County Dist. Ct. 2004).[1]

The Clerk of Court is directed to file the petitioner's application for a writ of habeas corpus. The Clerk of Court is also directed to send a copy of the application for a writ of habeas corpus by certified mail to the respondent and the Iowa Attorney General in accordance with Rule 4, Rules Governing Section 2254 Cases. The respondent is directed to file an answer to the application for a writ of habeas corpus in accordance with Rule 5, Rules Governing Section 2254 Cases, by no later than November 6, 2006.

With respect to the petitioner's application for appointment of counsel, the court does not believe counsel is warranted. *See Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (setting forth factors to be considered for appointment of counsel in civil case); *see also Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case); *Day v. United States*, 428 F.2d 1193, 1195 (8th Cir. 1970) ("The Sixth Amendment does not extend to persons seeking post conviction relief." (citing *Baker v. United States*, 334 F.2d 444, 447 (8th Cir. 1964))). Accordingly, the petitioner's application for appointment of counsel is denied.

**IT IS SO ORDERED.**

DATED this 3rd day of October, 2006.

John A. Jarvey
Chief Magistrate Judge
UNITED STATES DISTRICT COURT

---

[1] Iowa state court criminal and civil records may be accessed at the following address: www.judicial.state.ia.us/online_records/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

2